UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Eugene F. Ladd,                      :
      Petitioner,            :
                       :
   v.                                :        File No. 1:07-CV-176
                       :
Robert Hofmann,                      :
Commissioner, Vermont                :
Department of Corrections,           :
      Respondent.             :

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
(Papers 1 and 10)

Petitioner Eugene F. Ladd, proceeding *pro se*, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  In his petition, Ladd challenges the hearing process used to revoke his furlough status, claiming that it denied him his due process rights.  The respondent argues that the petition should be denied for failure to exhaust state court remedies.  For the reasons set forth below, I recommend that the petition be DENIED and this case be DISMISSED.

Factual and Procedural Background

Ladd is currently serving three to six years after being convicted in state court of several criminal offenses.  On August 6, 2004, he was released on furlough.  In April 2005, his furlough status was revoked after a hearing officer found that he had violated his conditions by engaging in "threatening, violent or assaultive behavior."

That behavior allegedly consisted of having another offender
make a threatening phone call to a Department of Corrections
("DOC") case worker.   (Paper 9-2 at 2).

Ladd filed a habeas corpus petition in state court,
claiming that the revocation hearing had violated his due
process rights.  He was subsequently informed that a second
hearing would be held to correct the procedural deficiencies
in the first hearing.  After the second hearing, a different
hearing officer again found Ladd guilty of violating the
conditions of his furlough.

Through counsel, Ladd filed an amended state court
habeas petition in which he raised several due process
challenges to the revocation proceedings.  Both parties
moved for summary judgment, and in July 2006, the Chittenden
Superior Court granted summary judgment in favor of the DOC
on the merits of Ladd's due process claims.  Ladd filed an
appeal, but the appeal was dismissed on Ladd's motion for
voluntary dismissal.

Shortly after he received the decision from the
Chittenden Superior Court, Ladd filed a second habeas
petition in Washington Superior Court.  The Department of
Corrections moved to dismiss on grounds of *res judicata*.

The court granted the motion to dismiss, and Ladd appealed.

On appeal, the Vermont Supreme Court affirmed the lower court's ruling.

> We find no error.  Although the doctrine of res judicata has not historically been applied to habeas petitions, both the United States Supreme Court and this Court have held that previously litigated habeas claims could be barred "where (1) the same ground presented in the subsequent application was determined adversely to the petitioner on the prior application (2) the prior determination was on the merits, and (3) the ends of justice would not be served by reaching the merits of the subsequent application."  Woodmansee v. Stoneman, 132 Vt. 107, 108-10 (1974) (citing Sanders v. United States, 373 U.S. 1, 15-19 (1962)).

(Paper 1-8 at 6).  The court further ruled that the lower court had decided the first habeas petition on "the merits of each of petitioner's six arguments," and that Ladd had made "no attempt to argue that the 'ends of justice' would be served by allowing a different superior court to reexamine essentially the same petition rejected a few weeks earlier by another superior court – and we find no basis for such an argument."  Id.

Ladd now brings a federal habeas corpus petition, pursuant to 28 U.S.C. § 2254, claiming that the revocation hearings violated his due process rights.  The respondent seeks dismissal of the petition for lack of exhaustion,

arguing that Ladd never presented the substance of his due process claims to the Vermont Supreme Court.  The respondent also argues that Ladd's claims are barred by the adequate and independent state ground doctrine.

Discussion

A federal court should not grant a writ of habeas corpus unless the petitioner has exhausted his state court remedies.  See § 2254(b)(1)(A).  To meet this exhaustion requirement, a petitioner must have presented the state courts with "the same claim he urges upon the federal courts," as a way of giving the state court "an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights."  Picard v. Connor, 404 U.S. 270, 275-76 (1971) (internal citations omitted); see also Jones v. Keane, 329 F.3d 290, 295 (2d Cir. 2003).  In order to have "fairly presented" federal claims to the state courts, a petitioner must have (1) "set forth in state court all of the essential factual allegations asserted in his federal petition," and (2) "placed before the state court essentially the same legal doctrine he asserts in his federal petition."  Daye v. Att'y Gen. of New York, 696 F.2d 186, 191-92 (2d Cir. 1982) (*en banc*).  Complete exhaustion

requires a petitioner to "present the substance of the same federal constitutional claims that he now urges upon the federal courts to the highest court in the pertinent state." Aparicio v. Artuz, 269 F.3d 78, 89-90 (2d Cir. 2001) (internal quotation marks and citations omitted).

In this case, Ladd's petition brings due process-related claims.  His amended petition alleges that he was not given proper notice of the charge, was not given an adequate opportunity to call witnesses in his defense, and that the evidence used against him was insufficient.  (Paper 10).  These claims were among the substantive claims asserted in the state superior courts.[1]

Ladd initially appealed the ruling on his first state court petition, but dismissed the appeal voluntarily.  When his second petition was denied, his appeal to the Vermont Supreme Court raised arguments pertaining solely to the application of *res judicata*.  His *pro se* brief presented two questions:

> 1.   Did the Superior Court err in dismissing
>      petition based on "Defendant's Memorandum"
>      where the argument was on "Res Judicata" and

---

[1]  Specifically, Ladd's first state habeas petition claimed insufficient evidence and interference with his ability to present witnesses, while his second petition argued, in greater detail, inadequate notice and insufficient factual support for the DOC's evidence.  (Paper 9-2 at 12); (Paper 9-12 at 27).

which is barred from application in a Habeas
Corpus Action.

2.     Did the Superior Court err in dismissing petition
       based on a prior petition [sic] did not have
       "evidentiary hearing" and nor was the case
       "adjudicated on the merits" but by Summary
       Judgment dismissal.

(Paper 9-12 at 2).  Consequently, the Vermont Supreme Court

addressed only the questions of (1) whether *res judicata* was

applicable to habeas corpus petitions, and (2) whether the

dismissal of Ladd's first petition was on the merits.

(Paper 1-8).  Ladd did not raise, and therefore did not

exhaust, the substance of his due process claims.

In response to the contention that his substantive

claims are unexhausted, Ladd argues that "the Vermont

Supreme Court was aware of the Federal claims but

disregarded the claims and affirmed the Washington Superior

Court['s *res judicata*] dismissal . . . ."  (Paper 11 at 6).

Indeed, in determining the propriety of the *res judicata*

ruling, the Vermont Supreme Court necessarily reviewed

Ladd's two habeas corpus petitions.  Based upon this review,

the court concluded that "the two petitions are essentially

the same," and that the lower court's decision on the merits

as to the first petition barred consideration of the second

petition.  (Paper 1-8 at 6).  While the Vermont Supreme

Court was undoubtedly aware of Ladd's substantive claims, the issues before it on appeal focused on the application of *res judicata.* Therefore, to the extent that the Vermont Supreme Court "disregarded" Ladd's substantive claims in its ruling, it acted appropriately.

As noted above, a § 2254 petitioner must give the state courts "'the opportunity to pass upon and correct'" alleged violations of federal rights. Duncan v. Henry, 513 U.S. 364, 365 (1995) (quoting Picard, 404 U.S. at 275). This includes presenting his claims "in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." Baldwin v. Reese, 541 U.S. 27, 29 (2004) (parenthetical in original). Ladd presented his claims in state superior court, but his appeal addressed only the *res judicata* issue. Accordingly, the Vermont Supreme Court never had the opportunity to rule on his substantive claims, and those claims remain unexhausted.

The respondent further argues that federal habeas review is prohibited because the state court rested its judgment on a state law procedural ground that is "'independent of the federal question and adequate to

support the judgment.'"   <u>Cotto v. Herbert</u>, 331 F.3d 217, 238

(2d Cir. 2003) (quoting <u>Coleman v. Thompson</u>, 501 U.S. 722,

729 (1991).   The Second Circuit has explained that

> [i]n the context of direct review of a state court
> judgment, the independent and adequate state
> ground doctrine is jurisdictional.  Because this
> Court has no power to review a state law
> determination that is sufficient to support the
> judgment, resolution of any independent federal
> ground for the decision could not affect the
> judgment and would therefore be advisory.

<u>Coleman</u>, 501 U.S. at 729.  A procedural bar qualifies as an

"independent and adequate" state law ground when "'the last

state court rendering judgment in the case clearly and

expressly states that its judgment rests on a state

procedural bar.'" <u>Levine v. Comm'r of Corr. Servcs.</u>, 44 F.3d

121, 126 (2d Cir. 1995) (quoting <u>Harris v. Reed</u>, 489 U.S.

255, 262 (1989)).  A state procedural bar will preclude

federal habeas review if it is "'firmly established and

regularly followed,'" unless the rule is "exorbitant."  <u>Lee

v. Kemna</u>, 534 U.S. 362, 376 (2002) (quoting <u>James v.

Kentucky</u>, 466 U.S. 341, 348 (1984)).

Several courts have held that *res judicata* is an

independent and adequate state ground that bars federal

habeas corpus review.  <u>See</u>, <u>e.g.</u>, <u>Morgan v. Fillion</u>, 2000 WL

235986, at *5 (S.D.N.Y. Jan. 31, 2000); <u>Williams v. Bagley</u>,

380 F.3d 932, 966-67 (6th Cir. 2004); <u>Moore v. Reynolds</u>, 153

F.3d 1086, 1097 (10th Cir. 1998); <u>but</u> <u>see</u> <u>Davis v. Lambert</u>,

388 F.3d 1052, 1058 (7th Cir. 2004).  In this case, the

Vermont Supreme Court did not expressly endorse the

application of *res judicata* in a habeas case.  Instead, the

court found no error because Vermont has a longstanding

practice of barring habeas claims when they have been

previously denied on the merits.  (Paper 1-8 at 6, citing

<u>Woodmansee v. Stoneman</u>, 132 Vt. 107, 108-10 (1974)).  As the

court stated in <u>Woodmansee</u>, lower courts "are not powerless

to prevent an abuse of the writ by successive applications,"

and should deny a petition when, as in this case, they

present the same allegations "couched in slightly different

language."  132 Vt. at 110.

   <u>Woodmansee</u> relied largely upon the United States

Supreme Court's opinion in <u>Sanders v. United States</u>, 373

U.S. 1, 15-19 (1962).  The bar on successive petitions

arising out of the <u>Sanders</u> decision was set forth both in

Vermont case law and in a statute barring successive post-

conviction review ("PCR") petitions.  <u>See</u> 13 V.S.A. § 7134.

The federal law upon which Vermont relied made "no

distinction between previous petitions brought in accordance

with PCR statutes and general habeas corpus petitions when

considering successive petitions."  In re Laws, 2007 VT 54,

¶ 4 n.1.  The bar against successive petitions, whether

applied to either PCR or habeas corpus petitions, has been

regularly followed in Vermont.  See, e.g., In re Towne, 2007

VT 80, ¶ 3; Woodmansee, 132 Vt. at 250-51; In re Mayer, 131

Vt. 248, 250-51 (1973).  Accordingly, the bar applied in

this case constituted an adequate and independent state law

rule.

    When a petitioner who has not fully exhausted his state

court remedies is, at the same time, procedurally barred

from bringing those claims again in state court, his claims

are "deemed exhausted" by the federal courts.  St. Helen v.

Senkowski, 374 F.3d 181, 183 (2d Cir. 2004).[2]  Ladd has

procedurally defaulted on his due process claims because the

state courts have determined that he is now barred from

bringing those claims before them.  In such a case, this

Court may reach the merits of the petition "'only if the

---

[2]  This wisdom of "deeming" a case exhausted yet barred from federal court
review is highlighted by this case.  If the Court were to dismiss the petition
without prejudice due to lack of exhaustion and send it back to the state
courts, Ladd's petition would undoubtedly be rejected as successive.  The only
issue he would be able to appeal would be the state's procedural bar, and his
due process claims would never reach the Vermont Supreme Court.  Consequently,
he would be unable to exhaust his claims, and would instead be caught in a
never-ending loop of rejection, appeal, and dismissal for lack of exhaustion.

defendant can first demonstrate either cause and actual

prejudice, or that he is actually innocent.'"  Id. (quoting

Bousley v. United States, 523 U.S. 614, 622 (1998)).  A

petitioner may establish cause by showing "'that the factual

or legal basis for a claim was not reasonably available to

counsel . . . or that some interference by officials . . .

made compliance impracticable.'"  Coleman, 501 U.S. at 753

(quoting Murray v. Carrier, 477 U.S. 478, 492 (1986)).  To

satisfy the prejudice requirement, the alleged error must

have worked to the petitioner's "actual and substantial

disadvantage, infecting his entire trial with error of

constitutional dimensions."  Torres v. Senkowski, 316 F.3d

147, 152 (2d Cir. 2003) (internal quotation marks omitted).

     Ladd does not argue cause for his failure to present

the unexhausted issues to the Vermont Supreme Court.  In

fact, he argues that the issues *were* presented and were

"disregarded" by the Vermont Supreme Court.  To argue cause

for failure to raise these issues would, therefore, be

inconsistent.  Furthermore, Ladd provides no explanation for

his failure to pursue an appeal on his first habeas

petition.  Had he continued with that appeal, he might have

been allowed to present the substance of his due process

claims to the Vermont Supreme Court, thereby exhausting his

state court remedies and permitting him to bring a § 2254

petition.

     Because Ladd has failed to show cause for his

procedural default, there is no need to determine whether he

has shown actual prejudice.  Austin v. Comm'r of Correction,

814 F. Supp. 233, 236 (D. Conn. 1992).

     Application of the actual innocence exception, also

referred to as a "fundamental miscarriage of justice," is

"extremely rare" and should be applied only in

"extraordinary circumstances."  See Sweet v. Bennett, 353

F.3d 135, 142 (2d Cir. 2003) (citing Schlup v. Delo, 513

U.S. 298, 321-22 (1995)).  The U.S. Supreme Court has held

that "prisoners asserting a gateway to defaulted claims must

establish that, in light of new evidence, 'it is more likely

than not that no reasonable juror would have found

petitioner guilty beyond a reasonable doubt.'"  House v.

Bell, 547 U.S. 518, 536-37 (2006) (quoting Schlup, 513 U.S.

at 327).

     Ladd has failed to offer any such new evidence, and has

not shown that absent the alleged due process violations, no

reasonable hearing officer would have found him guilty of

the violation.  Indeed, the record shows that the offender

who made the threatening phone call, at Ladd's urging,

testified at the hearing.  Ladd argued, and continues to

contend, that this testimony should not have been believed.

The fact that additional evidence might have been admitted

to counter the testimony of this witness is hardly

"extraordinary," and the Court should find that this is not

the "rare" case in which a procedural bar should be

overlooked.  Accordingly, I recommend that Ladd's petition

be DENIED.

Conclusion

For the reasons set forth above, I recommend that

Ladd's petition for writ of habeas corpus (Papers 1 and 10)

be DENIED, and that this case be DISMISSED.

Dated at Burlington, in the District of Vermont, this

11th  day of April, 2008.


/s/ Jerome J. Niedermeier
Jerome J. Niedermeier
United States Magistrate Judge


Any party may object to this Report and Recommendation
within 10 days after service by filing with the clerk of the
court and serving on the magistrate judge and all parties,
written objections which shall specifically identify the
portions of the proposed findings, recommendations or report
to which objection is made and the basis for such

objections.   Failure to file objections within the specified
time waives the right to appeal the District Court's order.
See Local Rules 72.1, 72.3 & 73.1; 28 U.S.C. § 636(b)(1);
Fed. R. Civ. P. 72(b), 6(a) and 6(e).